Kerry J. BLANCHARD and Patricia M.
Blanchard, Plaintiffs,

Patricia M. Blanchard,
Plaintiff-Appellant,

v.

TELEDYNE MOVIBLE OFFSHORE,
INC., Defendant-Appellee.

No. 79–2681

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 29, 1980.

Stephen M. LaRussa, Houma, La., for
plaintiff-appellant.

Weigand & Siegrist, Christopher B. Sieg-
rist, Houma, La., for defendant-appellee.

Before RONEY, KRAVITCH and TATE,
Circuit Judges.

PER CURIAM:

This appeal taken pursuant to Federal
Rule of Civil Procedure 54(b) presents the
issue of whether the wife of an injured
seaman has a cause of action for loss of
consortium against the party allegedly re-
sponsible for her husband's injuries under
either the Jones Act, the general maritime
law, or the laws of the State of Louisiana.
The district court granted the defendant's
motion to dismiss the claim of Patricia M.
Blanchard for loss of consortium occasioned
by the injuries allegedly sustained by her
husband, Kerry J. Blanchard on the basis of
this Court's decision in *Christofferson v.
Halliburton*, 534 F.2d 1147 (5th Cir. 1976).

Some courts have chosen not to follow
*Christofferson. See, e. g., Alvez v. Ameri-
can Export Lines, Inc.*, 46 N.Y.2d 634, 415
N.Y.S.2d 979, 389 N.E.2d 461 (1979); *Giglio
v. Farrell Lines, Inc.*, 424 F.Supp. 927, 930
(S.D.N.Y.1977); *Hubschman v. Antilles Air-
boats, Inc.*, 440 F.Supp. 828, 858 (D.C.V.I.
1977). *But see Ivy v. Security Barge Lines,
Inc.*, 606 F.2d 524, 526 n.5 (5th Cir. 1979) (en
banc); *Igneri v. Cie. de Transports Ocea-
niques*, 323 F.2d 257 (2nd Cir. 1963), cert.
denied 376 U.S. 949, 84 S.Ct. 965, 11 L.Ed.2d
969 (1964).

The judgment entered upon this motion
states, in the words of Rule 54(b), that
there is "no just reason for delay of entry
of this judgment." However, since the dis-
trict court's certification the Supreme Court
has granted the petition for certiorari filed
in *American Export Lines, Inc. v. Alvez*,

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

—— U.S. ——, 100 S.Ct. 261, 62 L.Ed.2d 180 (1979). This may dispositively resolve the issue before us.

In light of the intervening certiorari grant in *Alvez,* we hold that the instant case was not an appropriate one for entering a special order under Rule 54(b). *See generally* 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2659 (1973).

Accordingly, the appealed judgment will be set aside and the case remanded for further proceedings. The district court will have full control over the entire case, including appellant's claim, until final judgment is entered as to all parties.

REMANDED FOR FURTHER PROCEEDINGS.